No. 97-215

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


STATE OF MONTANA,

Plaintiff and Respondent,

v.

THOMAS C. RICHARDS,

Defendant and Appellant.



APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Kenneth R. Neill, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Bethany F. Schendel, Attorney at Law, Great Falls, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General;
Micheal S. Wellenstein, Assistant Attorney General;
Helena, Montana

Brant Light, Cascade County Attorney, Great Falls, Montana



Submitted on Briefs: October 2, 1997

Decided:   November 4, 1997

Filed:


_____

Clerk

Justice Jim Regnier delivered the Opinion of the Court.

Thomas C. Richards appeals from that portion of a sentence and judgment entered by the Eighth Judicial District Court, Cascade County, restricting his access to Cascade County, and from a subsequent order of the court mandating that he pay restitution in the amount of $10,438.05 for counseling costs incurred by one of his victims. We vacate the court's order that Richards pay $10,438.05 in restitution, and hold we lack jurisdiction to review Richards' original sentence.

We rephrase the issues presented on appeal as follows:

1. Did the District Court err in ordering that Richards pay restitution in the amount of $10,438.05 for counseling costs incurred by one of his victims?

2. Did the District Court err in restricting Richards from entering Cascade County as a condition of his suspended sentence?

FACTUAL AND PROCEDURAL BACKGROUND

By way of an information filed May 25, 1994, the State charged Richards with two counts of felony criminal endangerment to which he subsequently pled not guilty. On November 9, 1994, the State amended its information to charge Richards with one count of felony assault and one count of misdemeanor assault, in violation of õ 45-5-201, MCA. Richards entered a plea of not guilty to each count at his November 21, 1994, arraignment. On February 10, 1995, Richards entered into a plea agreement with the State, and on April 10, 1995, he pled guilty to both counts contained in the amended information.

On May 9, 1995, District Court Judge Robert Goff sentenced Richards to five years in the Montana State Prison with all time suspended on the count of felony assault. With respect to the count of misdemeanor assault, Judge Goff sentenced Richards to six months in the Cascade County Jail, suspending all but the 225 days already served. Judge Goff gave Richards credit for the 225 days already served, and ordered the sentences to run consecutively.

The court imposed a number of conditions upon Richards' suspended sentence, among which were the following:

1. Defendant shall be restricted from entering Cascade County, Montana. [Condition #9]

2. Defendant shall pay restitution to the Crime Victim's Compensation Unit in the amount of $4,174.46. [Condition #13]

3. The Defendant shall pay for any future counseling costs of Timi Gilbreath and/or Amanda Gilbreath. [Condition #15]

On August 26, 1996, the State filed a motion asking that the court order Richards to pay $10,438.05 in restitution. The amount requested represented the balance due on a bill from Deaconess Medical Center for inpatient psychiatric treatment received by Timi Gilbreath in October 1994. On January 23, 1997, following a hearing on the State's motion, the court ordered that Richards pay restitution in the amount of $10,438.05, less

any amounts previously reimbursed by worker's compensation insurance by reason of a prior industrial injury to which portions of the bill may have related. On January 31, 1997, the court issued a supplemental order in which it directed that Richards remit his restitution payments to the Clerk of the District Court who was, in turn, to forward them to Deaconess Medical Center.

On February 10, 1997, Richards filed his notice of appeal from the court's January 23, 1997, restitution order and from its January 31, 1997, supplemental order. Richards additionally seeks, in effect, to appeal from that portion of the District Court's May 9, 1995, sentencing order which restricted Richards from entering Cascade County.

ISSUE 1

Did the District Court err in ordering that Richards pay restitution for counseling costs, in the amount of $10,438.05, incurred by one of his victims?

We review the imposition of a sentence "for legality only." State v. Graves (1995), 272 Mont. 451, 463, 901 P.2d 549, 557. We have held that "[t]he standard of review on sentence legality is whether the district court abused its discretion. Graves, 250 Mont. at 463, 901 P.2d at 557.

On appeal, Richards presents three separate arguments in support of his contention that the District Court erred in ordering him to pay $10,438.05 in restitution. Richards first argues that, in ordering he make additional restitution, the court erroneously modified an otherwise valid sentence. Richards next argues the court erred in imposing the $10,438.05 of restitution because that amount did not reflect pecuniary loss suffered by the victim. Finally, Richards contends the court erred in ordering him to pay restitution to Deaconess Medical Center because it failed to consider his financial resources and future ability to pay.

As noted, Richards first argues the District Court erred in ordering him to pay $10,438.05 in restitution on the basis that, having imposed a valid sentence by way of its May 9, 1995, order, the court lacked jurisdiction to subsequently modify that sentence. Indeed, this Court has recognized that "[o]nce a valid sentence has been pronounced, the court imposing that sentence has no jurisdiction to modify it, except as provided by statute." State v. Fertterer (1993), 260 Mont. 397, 400, 860 P.2d 151, 154. Pursuant to õ 46-18-117, MCA, a court may modify or "correct an erroneous sentence or disposition at any time and may correct a sentence imposed in an illegal manner within 120 days after the sentence is imposed or after remand from an appellate court."

The State, in fact, agrees that, pursuant to Montana law, once a district court pronounces a valid sentence and judgment, it has no jurisdiction to modify that

sentence except as provided by law. The State does argue, however, that in ordering Richards to pay restitution to Deaconess Medical Center, the District Court was not modifying the previously imposed sentence, but rather, was adhering to the original intent of the sentencing court which was that Richards make full restitution to his victims.

In support of its argument that the court's January 23, 1997, order regarding restitution did not constitute a modification of Richards' sentence, the State points to that portion of the presentence investigation report in which Richards stated that: "More than anything else, I wish to make amend[s] for what I've done, pay or make restitution, and rebuild my life on its present course." The State additionally points to that portion of Richards' testimony at the January 17, 1997, hearing in which he acknowledged that, at the time of the original sentencing, he had agreed to pay all restitution in this case. Accordingly, the State argues it was the intent of both the sentencing court and Richards himself that he pay all restitution in this case.

The fact remains, however, that the court's May 9, 1995, sentencing order provided only that Richards "pay restitution to the Crime Victim's Compensation Unit in the amount of $4,174.46" and that he "pay for any future counseling costs of Timi Gilbreath and/or Amanda Gilbreath." The $10,438.05 bill from Deaconess Medical Center represented charges incurred during an inpatient stay by Timi Gilbreath in the hospital's psychiatric ward in October 1994. Thus, because the bill was for medical care provided more than six months prior to the court's May 9, 1995, sentencing order, it clearly did not represent "future counseling costs." The court's original sentencing order did not direct payment of the $10,438.05 medical bill, and did not order Richards to pay past, as well as future, counseling costs. Thus, by subsequently ordering Richards to pay that $10,438.05, the court in effect modified its original sentence in this case.

Although the State argues it did not learn of the $10,438.05 bill from Deaconess Medical Center until after the court originally sentenced Richards and was thus unable to submit the bill to the court, that omission does not authorize the court to modify its sentence. The sentence imposed by the court on May 9, 1995, was neither erroneous nor imposed in an illegal manner, as contemplated by õ 46-18-117, MCA, and the court was thus without jurisdiction to modify it. Accordingly, we hold that, in ordering Richards to pay $10,438.05 in restitution, the District Court erroneously modified its original sentence in this case. We thus vacate the District Court's January 23, 1997 and January 31, 1997, orders requiring that Richards pay $10,438.05 in restitution.

Having so held, we need not address Richards' additional arguments that the $10,438.05 of ordered restitution did not reflect pecuniary loss suffered by the victim,
and that, in ordering the restitution, the court erroneously failed to consider Richards'
financial resources and future ability to pay.

                              ISSUE 2

Did the District Court err in restricting Richards from entering Cascade County as a condition of his suspended sentence?

On appeal, Richards argues the court erred in imposing, as a condition of his May 9, 1995, suspended sentence, that he "be restricted from entering Cascade County, Montana."  In response, the State argues this Court is without jurisdiction to address the merits of Richards' claim on this issue due to his failure to file a timely notice of appeal from the May 1995 sentence and judgment.  Although Richards does not dispute his failure to file a timely notice of appeal in 1995, he argues that when the court modified that sentence in January 1997 it thereby reimposed the original sentence's remaining conditions.  Therefore, Richards argues, his appeal from the January 1997 reimposed sentence is timely.

Having reviewed the record and considered the parties' respective arguments, we conclude we are without jurisdiction to consider Richards' claim that the lower court erred in restricting his access to Cascade County.  Rule 5(b), M.R.App.P., requires that,
"[i]n criminal cases an appeal from a judgment must be taken within 60 days."  Here, Richards first filed a notice of appeal  on February 10, 1997, more than one and one-half years after the imposition of his May 9, 1995, sentence.  Although Richards argues the District Court reimposed the original conditions of his suspended sentence in January of 1997, in effect creating a new sentence from which he may now appeal, we disagree.

Neither the District Court's January 22, 1997, order nor its January 31, 1997, order  directs reimposition of the remaining conditions present in the original May 9, 1995, sentence and judgment.  Rather, the two January 1997 orders exclusively address the issue of restitution.  In ordering additional restitution, the court did not impose a new sentence upon Richards, or even reimpose the previous sentence which remained valid. Instead, it simply added a modification to the original May 9, 1995, sentence and judgment.  As Richards failed to timely file a notice of appeal from that May 1995 sentence, he is precluded from now contesting that portion of the sentence which ordered he be restricted from entering Cascade County.

Having held we lack jurisdiction to address this issue, we need not consider the State's argument that Richards failed to first raise the issue in district court, thereby precluding its consideration by this Court.

                         /S/  JIM REGNIER

We Concur:

/S/ J. A. TURNAGE
/S/ WILLIAM E. HUNT, SR.
/S/ W. WILLIAM LEAPHART
/S/ TERRY N. TRIEWEILER