No. 97-363

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 97N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

JESSICA TODD,

Defendant and Appellant.

APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Lawrence A. LaFountain, Great Falls, Montana

For Respondent:

Joseph P. Mazurek, Attorney General, Micheal S. Wellenstein,
Assistant Attorney General; Brant Light, Cascade County
Attorney, James Donahue,Deputy Cascade County Attorney, Great
Falls, Montana

Submitted on Briefs: March 12, 1998

Decided:  April 30, 1998
Filed:

_____

Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases by this Court.

¶2 In December 1995, Jessica Todd (Appellant) rolled her car. Appellant's car was "totaled" and worth only $25 after the accident. A Montana Highway Patrolman responded to the scene and called Guy Chilson, owner of Tri-G's Towing and Repair (Chilson), to come and tow Appellant's car. Chilson towed the car and stored it on his lot for approximately three months. Chilson testified he was prevented from disposing of the car because he was unable to obtain the title. On March 11, 1996, Appellant paid Chilson $1250 for his services including $475 for the towing and cleanup of the accident site, and $775 for the storage of her car. Appellant's check bounced.

¶3 On January 27, 1997, pursuant to a plea bargain agreement, Appellant pled guilty to the charge of issuing a bad check. A sentencing hearing was held on February 25, 1997. The Eighth Judicial District Court, Cascade County, gave Appellant a one-year deferred sentence and imposed restitution in the amount of $1275. This amount included $1250 for the bad check and $25 for the insufficient funds fee that Chilson paid the bank. Appellant appeals the restitution portion of her sentence. We affirm.

¶4 We review the imposition of a sentence for legality only. State v. Richards (1997), 54 St. Rep. 1172, 1173, ___ Mont. ___, 948 P.2d 240, 241. The standard of review on sentence legality is whether the district court abused its discretion. Richards, 948 P.2d at 241.

¶5 Appellant cites Draper v. Coombs (9th Cir. (Or.) 1986), 792 F.2d 915, 923, and argues that she should pay no restitution because her due process rights were violated when Chilson, acting under color of state law, towed her car and she was not given an opportunity to challenge this state action before a neutral magistrate. Appellant failed to raise this argument at her sentencing and, therefore, we decline to address it on appeal. State v. Woods (1997), 283 Mont. 359, 372, 942 P.2d 88, 96-97.

¶6 Appellant asserts that the restitution she is required to pay is overstated by $775, the amount charged for storage, and that she should be required to pay only $475 for the towing and $25 for the insufficient funds fee. Appellant bases her assertion on several arguments, one of which pertains to Montana's restitution statutes, §§ 46-18-241 and -243, MCA. The issue raised by this argument is dispositive.

¶7     Section 46-18-241(1), MCA, provides:

　　　As provided in 46-18-201, a sentencing court shall require an offender to make full restitution to any victim of the offense who has sustained pecuniary loss as a result of the offense . . .

Section 46-18-243(1)(a), MCA, defines "pecuniary loss" as the following:

　　　all special damages, but not general damages, substantiated by evidence in the record, that a person could recover against the offender in a civil action arising out of the facts or events constituting the offender's criminal activities . . . .

Appellant argues that the storage fee does not meet the definition of pecuniary loss because (1) the storage resulted independently of the crime of writing a bad check and, therefore, did not "arise out of the facts or events constituting the offender's criminal activities"; and (2) Chilson suffered no loss because his lot was not filled to capacity when Appellant's car was stored there. Appellant's claims have no merit.

¶8     The fact that Chilson's lot was not filled to capacity during the storage of Appellant's car is not relevant to the issue of whether Chilson suffered a pecuniary loss.  Chilson provided Appellant the services of towing and storing her car.  By writing a check for $1250, Appellant acknowledged and agreed to pay for those services.  Appellant's check bounced and she pled guilty to the charge of issuing a bad check.  Chilson suffered damages in the amount of the check, $1250, and the insufficient funds fee assessed by the bank, $25. Because these damages arose out of Appellant's crime of issuing a bad check, the damages constitute Chilson's pecuniary loss.  Section 46-18-243(1)(a), MCA.  Chilson suffered a pecuniary loss of $1275.

¶9     We hold the District Court did not abuse its discretion in ordering Appellant to pay Chilson $1275 in restitution.  Affirmed.

　　　　　　　　　/S/　WILLIAM E. HUNT, SR.


We Concur:

/S/　J. A.　TURNAGE
/S/　KARLA M. GRAY
/S/　TERRY N. TRIEWEILER
/S/　W. WILLIAM LEAPHART