No. 99-178

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 245N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

CHARLES JAY DEVLIN,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

Honorable Douglas G. Harkin, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

Charles J. Devlin, Pro Se, Deer Lodge, Montana

For Respondents:

Honorable Joseph P. Mazurek, Attorney General; Carol Schmidt,

Assistant Attorney General; Helena, Montana

Fred Van Valkenburg, County Attorney; Betty Wing, Deputy

County Attorney; Missoula, Montana

Submitted on Briefs: September 2, 1999

Decided: October 14, 1999

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶ **Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

¶ **Charles Jay Devlin was convicted of bail jumping, classified as a persistent felony offender, and sentenced to 20 years in the Montana State Prison. Upon sentencing, the District Court credited him 119 days for jail time served. Devlin subsequently filed a motion for credit for time served and correction of sentence; however, his motion was denied. On appeal, Devlin argues that he should have been credited 547**

**days, pursuant to § 46-18-403, MCA. We dismiss.**

**¶ The issue Devlin presents is whether the District Court erred in denying him credit for time served and for correction of sentence.**

## FACTUAL AND PROCEDURAL BACKGROUND

**¶ Devlin was charged in the Fourth Judicial District Court, Missoula County, with burglary, obstructing a peace officer and bail jumping. By State's motion, the first two charges were dismissed. Devlin pled guilty to bail jumping.**

**¶ On June 26, 1995, the District Court sentenced Devlin to a term of 10 years at the Montana State Prison. After declaring him a persistent felony offender pursuant to Title 46, Chapter 18, Part 5, MCA, the District Court sentenced him to an additional 10 years. The two sentences ran consecutively with each other and consecutively with a sentence Devlin already was serving at the Montana State Prison for a previous conviction. The District Court suspended the two said sentences on certain terms and conditions, which included the following:**

2. That the Defendant shall never knowingly at any time during the period of suspension, engage in any conduct whatsoever offensive to the law[] . . . ;

. . .

7. That the Defendant shall not drink or possess any alcoholic beverages and the Defendant shall not use any illegal drugs.

**¶ On or about January 31, 1997, Devlin was released from the Montana State Prison for his previous conviction. However, on February 4 and 5, 1997, Devlin was arrested twice for two separate DUI's.**

**¶ As a result, the State filed a petition to revoke Devlin's suspended sentences. The District Court granted the State's petition and in a January 6, 1998, judgment sentenced Devlin to a term of 20 years in the Montana State Prison with a credit for**

**119 days of jail time he intermittently served on the charge of bail jumping.**

**¶ On November 24, 1998, Devlin filed a motion in the District Court for credit for time served and correction of sentence. He argued, as he does now, that he is entitled to additional credit for time served whether the time he served resulted from the offense for which his sentence was imposed or from another conviction for which a sentence was imposed. Section 46-18-403(1), MCA, provides that:**

Any person incarcerated on a bailable offense and against whom a judgment of imprisonment is rendered must be allowed credit for each day of incarceration prior to or after conviction, except that the time allowed as a credit may not exceed the term of the prison sentence rendered.

**¶ In a February 5, 1999, order the District Court denied Devlin's motion without explanation. On February 17, 1999, Devlin appealed the District Court's order. Devlin argues that he should be credited 547 days.**

DISCUSSION

**¶ Did the District Court err in denying Devlin credit for time served and for correction of sentence?**

**¶ Without reaching the merits of this case, we consider the procedural bars which prohibit Devlin from a successful resolution of this issue. Due to the procedural bars, we cannot address Devlin's appeal.**

**¶ Rule 5(b), M.R.App.P., provides that an appeal from a judgment in a criminal case must be made within 60 days. Devlin filed his notice of appeal only days after the District Court denied his motion. However, in denying his motion, the District Court did not recalculate the credit he received for time served or make any modifications. Thus, in effect, Devlin appeals the District Court's January 6, 1998, judgment in which credit was given. Therefore, it is from the District Court's January 6, 1998, judgment that 60 days commenced. That was more than one year before Devlin filed**

this appeal. Since Devlin does not make a timely appeal, we lack jurisdiction to address this issue. *See State v. Richards* (1997), 285 Mont. 322, 326-27, 948 P.2d 240, 242-43.

¶ We consider whether there is another procedural avenue under which we can determine this matter. Devlin suggests that Title 46, Chapter 21, MCA, could afford him postconviction relief despite the language of § 46-21-105(2), MCA, which provides that "[w]hen a party has been afforded the opportunity for a direct appeal of the petitioner's conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a proceeding brought under this chapter." He argues that § 46-21-105(2), MCA, should not apply because the failure to raise the issue of credit for time served on a timely direct appeal was no fault of his own. He faults defense counsel and the State. However, Devlin presents no facts to support his assertion. Under the plain language of the statute, Devlin's action is not entitled to a review for postconviction relief.

¶ We reach a similar conclusion when we consider whether Devlin's action may be reviewed as a petition for a writ of habeas corpus. The applicability of a writ of habeas corpus is limited by § 46-22-101(2), MCA, which provides that:

The writ of habeas corpus is not available to attack the validity of the conviction or sentence of a person who has been adjudged guilty of an offense in a court of record and has exhausted the remedy of appeal. *The relief under this chapter is not available to attack the legality of an order revoking a suspended or deferred sentence.*

(Emphasis added.)

¶ The State argues that Devlin's action cannot be considered a petition for a writ of habeas corpus because he is attacking the legality of the District Court's order revoking his suspended sentence. Devlin does not offer an opposing argument. Because we have already concluded that Devlin's action attacks the District Court's January 6, 1998, judgment revoking his suspended sentence and giving him credit for time served, a petition for a writ of habeas corpus is procedurally barred.

¶ Devlin suggests that we should overlook these and other procedural errors under the plain error doctrine to protect him from prejudice against his substantial rights. However, Devlin cites no authority to apply the plain error doctrine here, and we

**know of none. The plain error doctrine has had only limited application in Montana law, and we have no reason to expand it.**

**¶ For these reasons, we dismiss Devlin's appeal.**

/S/ J. A. TURNAGE


We concur:

/S/ JIM REGNIER

/S/ WILLIAM E. HUNT, SR.

/S/ JAMES C. NELSON

/S/ KARLA M. GRAY