No. 01-636

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 47N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

RIC MIGNOGNA,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fifth Judicial District,
In and for the County of Beaverhead, Cause Nos. DC-96-2627,
DC-96-2631 & DC-99-2767
The Honorable Loren Tucker, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

        Ric Mignogna, *pro se*, Great Falls, Montana

      For Respondent:

        Hon. Mike McGrath, Montana Attorney General, John Paulson, Assistant
Attorney General, Helena, Montana; Michael Riley, Beaverhead County
Attorney, Dillon, Montana

Submitted on Briefs:  June 27, 2002

Decided:  March 2, 2004

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Ric Mignogna, acting *pro se*, appeals from an order of the District Court for the Fifth Judicial District, Beaverhead County, denying certain motions which Mignogna filed to modify his sentences for three separate convictions for felony DUI. We hold that the District Court did not have jurisdiction to consider Mignogna's request for modification of his sentences, nor does this Court have jurisdiction to consider the merits of his appeal, hence the appeal is dismissed.

¶3 The issue on appeal, as framed by the State, is: Did the District Court properly deny Mignogna's requests for credit against his prison sentences for time elapsed during probation and for credit against his fines for time spent in jail?

## Factual and Procedural Background

¶4 Mignogna appeals three post-judgment orders entered in three felony DUI cases arising in Beaverhead County. In the first of the three cases (Cause No. DC 96-2627), Mignogna was charged by Information on July 25, 1996, with one count of felony DUI, together with several misdemeanor offenses, that occurred on July 20, 1996. While these

2

charges were pending, a second Information was filed against Mignogna on August 19, 1996 (Cause No. DC 96-2631), charging him with another felony DUI that occurred on August 2, 1996. Mignogna entered into a plea agreement for both cases. He pleaded guilty to the two felony DUI charges and, on October 10, 1996, he was committed to the Montana Department of Corrections for two concurrent terms of ten years with five years suspended. Mignogna was given credit against his sentence for sixty-nine days he spent in jail. He was also ordered to pay fines in the amount of $500 for each conviction.

¶5 Mignogna did not appeal either of his convictions or his sentences. However, he did file petitions for postconviction relief in both cases raising issues unrelated to those presented in the current appeal. The District Court denied the requested relief and Mignogna filed notices of appeal, but the appeals were subsequently dismissed at Mignogna's request.

¶6 Mignogna served the unsuspended portion of his sentences in prison and on parole. On March 15, 1999, he went from parole status to probation status and began serving the suspended portions of his sentences. On December 20, 1999, Mignogna was charged by Information with a third count of felony DUI (Cause No. DC 99-2767), along with several misdemeanor offenses, that occurred on December 9, 1999. On March 15, 2000, the Beaverhead County Attorney filed motions for revocation of Mignogna's suspended sentences in the two earlier cases. The accompanying reports of Mignogna's probation officer alleged numerous violations of the terms of Mignogna's probation. Pursuant to another plea agreement, Mignogna entered a guilty plea to the felony DUI and admitted the violations of his probation.

3

¶7 The District Court entered its Findings of Fact, Conclusions of Law, Judgment and Order in all three cases on March 17, 2000. In the two earlier cases, the court revoked the suspended sentences and committed Mignogna to the Department of Corrections for concurrent terms of five years. Mignogna was given credit for 19 days in jail. In the third case, the court sentenced Mignogna to a concurrent thirteen-month term with the Department of Corrections, followed by probation for four years and a fine of $1,000.

¶8 Once again Mignogna did not appeal from the judgments. He did, however, petition the District Court for postconviction relief in the third case on September 15, 2000, raising claims unrelated to the present issues. After the District Court denied relief and dismissed the petition, Mignogna appealed, but the appeal was subsequently dismissed at Mignogna's request.

¶9 On May 31, 2001, Mignogna filed a document in the District Court entitled "Writ of *Coram Vobis*" pertaining to all three cases. The document cited §§ 46-18-117 and 403(2), MCA, as authority and asked the District Court to allow a credit against his fines for time served in the Beaverhead County jail. Mignogna filed a second document in the District Court on June 25, 2001, entitled "Motion for Credit for Time Served" in which he requested a credit against his sentence for 378 days (between March 6, 1999, and March 16, 2000) for the time he was on probation in the two earlier cases. On July 19, 2001, the District Court entered orders in the three cases denying both requests.

4

¶10    On March 7, 2002, Mignogna filed with this Court documents entitled "Motion for Credit for Time Served" and "Motion for Financial Relief." We deemed those documents to be his opening brief on appeal and directed the State to file a response.

**Discussion**

¶11    *Did the District Court properly deny Mignogna's requests for credit against his prison sentences for time elapsed during probation and for credit against his fines for time spent in jail?*

¶12    Mignogna argues on appeal that the District Court erred in not crediting him for 378 days he spent on probation in his two earlier cases (Cause Nos. DC 96-2627 and DC 96-2631) and for not allowing him a credit against his fines for the time he served in the Beaverhead County jail.

¶13    The State argues on the other hand that Mignogna's appeal is time barred because no contemporaneous objection regarding the credits was made at sentencing nor was an appeal from the sentencing orders taken. The sentences at issue were imposed on March 17, 2000, and the judgments became final 60 days later, on May 17, 2000. Even if Mignogna's "Writ of *Coram Vobis*" and "Motion for Credit for Time Served" were deemed to be petitions for postconviction relief, both were filed beyond the limitations period for postconviction proceedings. *See* § 46-21-102, MCA (a petition for postconviction relief may be filed at any time within one year of the date that the conviction becomes final). Mignogna would have had to file a petition by May 16, 2001, but because he failed to do so, the District Court had no jurisdiction to modify Mignogna's sentences. *State v. Richards* (1997), 285 Mont. 322, 325, 948 P.2d 240, 241.

5

¶14     In addition, Mignogna argued that pursuant to § 46-18-117, MCA (1999), the District Court "may correct an erroneous sentence or disposition at any time and may correct a sentence imposed in an illegal manner within 120 days after the sentence is imposed." As the State points out in its brief on appeal, this statute was repealed by the 2001 Legislature effective March 20, 2001, more than two months before Mignogna filed his pleadings.

¶15     Furthermore, at the same time the Legislature repealed § 46-18-117, MCA, it amended § 46-18-116, MCA, by adding subsection (3), which provides, in pertinent part, that a district court "may correct a factually erroneous sentence or judgment at any time" and that "[i]llegal sentences must be addressed in the manner provided by law for appeal and postconviction relief." This new legislation applied to all cases pending on direct review or not yet final at the time of its effective date. Mignogna did have an appeal in an unrelated postconviction proceeding pending before this Court on the effective date of the amendment with regard to his third case, but there were no proceedings pending in the earlier cases.

¶16     Even if § 46-18-117, MCA, were applicable to Mignogna's case, Mignogna did not file a claim challenging the legality of his sentences within 120 days of their imposition and the District Court's authority under § 46-18-117, MCA, would be limited to correcting an erroneous sentence or disposition. However, Mignogna has not alleged that his sentences were factually erroneous. Hence, the District Court did not have the statutory authority to change Mignogna's sentences in the manner he requested even if the court were inclined to do so.

¶17     Accordingly, we hold that this case is dismissed for lack of jurisdiction.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART

/S/ JIM REGNIER

/S/ JIM RICE