No. 97-374

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 284

---

STATE OF MONTANA,

Plaintiff and Respondent,

v.

SCOTT WILLIAM HILGERS,

Defendant and Appellant.

---

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Margaret L. Borg, Chief Public Defender, Marcia M. Jacobson, Public Defender Office, Missoula, Montana

No

For Respondent:

Joseph P. Mazurek, Attorney General, Tammy K. Plubell, Assistant Attorney General, Helena, Montana; Fred Van Valkenburg, Missoula County Attorney, Missoula, Montana

_____

Submitted on Briefs: April 8, 1999

Decided: November 23, 1999

Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

1. ¶ Scott William Hilgers pled guilty before the Fourth Judicial District Court, Missoula County, to charges of theft and issuing bad checks. He appeals a restitution provision of his sentencing order. We remand for additional proceedings consistent with this Opinion.
2. ¶ The issue is whether the District Court erred in ordering Hilgers to pay restitution in the amount of $33,595.48.
3. ¶ In March 1996, Hilgers pled guilty to issuing over fifty bad checks and to stealing cash and diverting checks and money orders from his employer, Sentinel Collections, from 1994 to 1995. At his sentencing hearing, the State presented testimony by a certified public accountant who had examined the records of Sentinel Collections and determined that during the period at issue, there was a potential misallocation of funds in the amount of $33,595.48. The owner of Sentinel

Collections estimated that she lost over $70,000 as a result of Hilgers' thefts. Hilgers testified that by his calculations, the amount of money he took from Sentinel Collections was no more than $6,000.

4. ¶ In addition to sentencing Hilgers to a total of twenty years under the supervision of the Department of Corrections, ten years of which it suspended, and ordering him to pay restitution to the victims of his bad checks, the District Court concluded that the State of Montana had established by a preponderance of the evidence that at least $33,595.48 was diverted from Sentinel Collections. Hilgers was ordered to repay that amount in restitution to the owner of Sentinel Collections. He appeals.

## Discussion

5. ¶ **Did the District Court err in ordering Hilgers to pay restitution in the amount of $33,595.48?**

6. ¶ This Court reviews a district court's imposition of a sentence for legality only. *State v. Richards* (1997), 285 Mont. 322, 324, 948 P.2d 240, 241. In reviewing the court's findings of fact as to the amount of restitution, our standard of review is whether those findings are clearly erroneous. *See State v. Perry* (1997), 283 Mont. 34, 36, 938 P.2d 1325, 1327.

7. ¶ Section 46-18-201(5), MCA (formerly § 46-18-201(2), MCA (1997)), provides that if a victim of a criminal offense has sustained a pecuniary loss, the court *shall* require the defendant to make full restitution to the victim. Checks, money orders, and cash which Hilgers stole from Sentinel Collections clearly qualify as a pecuniary loss.

8. ¶ Hilgers cites *State v. Brown* (1994), 263 Mont. 223, 867 P.2d 1098, in arguing that the amount of any pecuniary loss must be documented in the presentence investigation. In *Brown*, we cited § 46-18-242, MCA, which provides:

(1) Whenever the court believes that a victim of the offense may have sustained a pecuniary loss as a result of the offense or whenever the prosecuting attorney requests the court shall order the probation officer, restitution officer, or other designated person to include in the presentence investigation and report:

(a) documentation of the offender's financial resources and future ability to pay restitution; and

(b) documentation of the victim's pecuniary loss submitted by the victim or by the

board of crime control if compensation for the victim's loss has been reimbursed by the crime victims compensation and assistance account.

Hilgers correctly states that district courts are not authorized to order restitution until all statutory requirements are satisfied. In *Brown*, we remanded for further proceedings with regard to restitution and the entry of appropriate findings. *Brown*, 263 Mont. at 229, 867 P.2d at 1102.

9. ¶ In the present case, like in *Brown*, the presentence investigation does not document the amount of the victim's pecuniary loss. However, unlike the defendant in *Brown*, Hilgers entered a plea agreement specifically providing that the amount of restitution was to be agreed upon by the parties prior to sentencing and if the parties were unable to agree to the amount of restitution owing, Hilgers would allow the court to make that determination. The District Court held a full evidentiary hearing on the amount of pecuniary loss to Sentinel Collections. At that hearing, Hilgers had the opportunity to present evidence and to cross-examine the State's witnesses. We conclude that under these circumstances, the failure of the presentence investigation to set forth the amount of restitution owed to Sentinel Collections is not fatal.

10. ¶ Hilgers also argues on appeal that the amount of restitution which he was ordered to pay is not supported by the record. He points out that the police detective who investigated the charges against him testified that the $33,595.48 amount was approximately $8,000 more than could be traced as having been deposited to Hilgers' bank accounts. Hilgers adduced admissions by Sentinel Collections' owner that she had employed at least two other persons, besides him, with criminal records. Hilgers points out that the certified public accountant could only testify to the amount of the discrepancy between Sentinel Collections' receipts and its bank deposits; she could not testify as to where the missing money went. He further points to the testimony of Sentinel Collections' owner that she took cash and paid bills out of the business from 1992 to 1995, but that her records were not complete enough to reflect the amount of cash she took.

11. ¶ The accountant who conducted the audit of Sentinel Collections' business records described to the District Court in considerable detail the process she completed and how she arrived at her figure for the loss Sentinel Collections sustained. The investigating police detective presented detailed testimony of how he reconstructed Hilgers' deposits to his savings account and checking account, as compared with his Sentinel Collections pay checks (none of which were deposited into Hilgers' savings or checking account). On cross-examination, Hilgers admitted living a lifestyle well

beyond his means.

12. ¶ The credibility of witnesses and the weight to be given their testimony are determined by the trier of fact, whose resolution of disputed questions of fact and credibility will not be disturbed on appeal. *State v. Ahmed* (1996), 278 Mont. 200, 212, 924 P.2d 679, 686. The District Court apparently found the State's witnesses, the certified public accountant in particular, more credible than Hilgers as to the amount of money he stole from Sentinel Collections. Substantial credible evidence supports the District Court's finding as to the amount of pecuniary damage to the victim, and the finding on the amount of that loss is not otherwise clearly erroneous.

13. ¶ Hilgers' final claim is that the court erred in failing to determine whether he has the capability to pay restitution in the amount ordered. The State points out that according to the presentence investigation, Hilgers had two years of postsecondary education and intended to return to school to earn a college degree once he paid his restitution. The presentence investigation also lists Hilgers' age as 23; his assets as a car worth $9,500; his debts as an $8,000 obligation on that car; his marital status as single with no children; and his employment status as unemployed. This information was not, however, specifically addressed to the issues of Hilgers' financial resources or his ability to pay the amount of restitution ordered. Nor was evidence presented at the sentencing hearing as to Hilgers' financial resources or his ability to pay restitution.

14. ¶ Hilgers' financial resources and future ability to pay restitution have not been addressed in this case. We hold that the absence of documentation on those subjects as required under § 46-18-242(1)(a), MCA, renders the District Court's judgment illegal.

15. ¶ Remanded for further proceedings consistent with this Opinion.

/S/ JAMES C. NELSON

We Concur:

/S/ J. A. TURNAGE

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART

No

/S/ WILLIAM E. HUNT, SR.