No. 01-307

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 281N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

KENNETH VanMOORSEL,

Defendant and Appellant.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Mark R. Sullivan, Kalispell, Montana

For Respondent:

Mike McGrath, Montana Attorney General, Cregg W. Coughlin, Assistant Montana
Attorney General, Helena, Montana; Thomas J. Esch, Flathead County Attorney, Edward
J. Corrigan, Deputy County Attorney, Kalispell, Montana

Submitted on Briefs: November 1, 2001
Decided: December 19, 2001

Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Kenneth VanMoorsel (Kenneth), by counsel, appeals from the District Court's judgment and sentence dated March 5, 2001, pursuant to which the court ordered Kenneth incarcerated for a term of five years and one month at the Montana State Prison, with four years suspended with conditions on his conviction of felony DUI. We affirm.

## BACKGROUND

¶3 On August 24, 2000, the Flathead County Attorney moved for leave to file an information charging Kenneth with driving while under the influence of alcohol (DUI), fourth offense, a felony. This cause was assigned No. DC-00-207C. The District Court, Honorable Stewart E. Stadler, granted the State's motion on the same day the information was filed.

¶4 On September 7, 2000, Kenneth filed his objection to the State's motion for leave to file information, basing his objection on a previous motion to dismiss which he had filed in Flathead County Cause No. DC-00-158A[1]. On September 12, 2000, Judge Stadler denied Kenneth's objection.

¶5 Referencing both Cause No. DC-00-158A and No. DC-00-207C, the court observed

that on August 15, 2000, Kenneth moved to dismiss Cause No. DC-00-158A and that on August 24, 2000, the court granted this motion, without prejudice. Kenneth's motion to dismiss Cause No. DC-00-158A was granted because the State failed to file an information within 30 days of Kenneth's waiver of preliminary examination of the underlying DUI charges originally filed in Justice Court. The court noted that the dismissal was made pursuant to § 46-11-203(2), MCA, and this Court's decision in *State v. Strobel* (1994), 268 Mont. 129, 885 P.2d 503. It appears undisputed that the DUI charged in DC-00-158A and that charged in DC-00-207C--the cause at issue in this appeal--are one and the same.

¶6 In any event, on September 21, 2000, Kenneth appeared before Judge Stadler, with counsel, and entered his plea of guilty to the information in Cause No. DC-00-207C. Importantly for our purposes here, Kenneth did not reserve for appeal the denial of his September 7, 2000 objection to the State's motion for leave to file an information. A sentencing hearing was held on February 22, 2001, and, as already noted, on March 5, 2001, the District Court committed Kenneth to the Montana State Prison under sentencing provisions that are the subject of our later discussion.

¶7 On appeal Kenneth raises two issues:

¶8 1. Whether his right to due process of law was violated by excessive delay in the filing of the information.

¶9 2. Whether the District Court imposed an illegal sentence.

## DISCUSSION

¶10 *Issue 1: Whether Kenneth's right to due process of law was violated by excessive delay in the filing of the information.*

¶11 Kenneth frames his first issue in terms of whether his right to due process of law was violated by excessive delay in filing the information. At the outset we note that the record in this case simply reveals that Kenneth objected to the State's motion for leave to file an information "for the reasons that were stated in [his] Brief in Support of Motion to Dismiss [presumably with respect to Cause No. DC-00-158A]." While Kenneth attaches a copy of his brief in Cause No. DC-00-158A as an appendix to his opening brief in the case *sub judice*, we note that defendant's brief in Cause No. DC-00-158A is not a part of the

record in the instant cause. Therefore, it is not appropriate that we consider the arguments in Kenneth's brief in Cause No. DC-00-158A. *See State v. MacKinnon*, 1998 MT 78, ¶¶ 13-15, 288 Mont. 329, ¶¶ 13-15, 957 P.2d 23, ¶¶ 13-15 (stating that the parties are bound on appeal by the record and may not add additional matters in briefs or appendices).

¶12 That said, the District Court's September 12, 2000 order denying Kenneth's objection leads us to the conclusion that Kenneth's arguments in DC-00-158A were not based on due process grounds but, rather, were based on his interpretation of § 46-11-203(2), MCA.

¶13 Consequently we will not consider the merits of Kenneth's "due process" argument since this argument was not properly preserved for appellate review. *See Unified Industries, Inc. v. Easley*, 1998 MT 145, ¶¶ 15, 289 Mont. 255, ¶¶ 15, 961 P.2d 100, ¶¶ 15 (stating that we will not address either an issue raised for the first time on appeal nor a party's change in legal theory).

¶14 More to the point, as to Kenneth's statutory argument, § 46-12-204(3), MCA, provides:

> With the approval of the court and the consent of the prosecutor, a defendant may enter a plea of guilty or *nolo contendere*, reserving the right, on appeal from the judgment, to review the adverse determination of any specified pretrial motion . . . .

The record here reflects that Kenneth did not take advantage of this statute on entering his plea of guilty to the information. That is, he did not specifically reserve his right to appeal the District Court's denial of his objection to the filing of the information with approval of the court and consent of the prosecutor.

¶15 Furthermore, it is well established that a plea of guilty which is voluntarily and understandingly made constitutes a waiver of non-jurisdictional defects and defenses, including claims of constitutional violations which occurred prior to the plea. *Hagan v. State* (1994), 265 Mont. 31, 35, 873 P.2d 1385, 1387; *State v. Turcotte* (1974), 164 Mont. 426, 428, 524 P.2d 787, 788. Thereafter, the defendant "may only attack the voluntary and intelligent character of his plea." *State v. Hilton* (1979), 183 Mont. 13, 18, 597 P.2d 1171, 1174 (citing *Tollett v. Henderson* (1973), 411 U.S. 258, 267, 93 S.Ct.1602, 1608, 36 L. Ed.2d 235). Here, Kenneth makes no claim that his plea was not entered understandingly and voluntarily.

¶16 Inasmuch as Kenneth did not reserve for appeal the trial court's denial of his objection

to the filing of the information, and inasmuch as he did not claim in the District Court (nor does he claim on appeal) that there was any jurisdictional defect in his plea, we hold that his claim of error is waived.

¶17 *Issue 2: Whether the District Court imposed an illegal sentence.*

¶18 This Court reviews a district court's imposition of a sentence for legality only. *State v. Hilgers*, 1999 MT 284, ¶ 6, 297 Mont. 23, ¶ 6, 989 P.2d 866, ¶ 6 (citing *State v. Richards* (1997), 285 Mont. 322, 324, 948 P.2d 240, 241). *See also State v. Graves* (1995), 272 Mont. 451, 463, 901 P.2d 549, 557. In reviewing a criminal sentence for legality we determine simply whether the sentence is within the statutory parameters. *State v. Montoya*, 1999 MT 180, ¶ 15, 295 Mont. 288, ¶ 15, 983 P.2d 937, ¶ 15.

¶19 At the sentencing hearing, Kenneth objected to the District Court's sentence on the basis that "the statute calls for 13 months Montana State Prison sentence as the maximum . . . followed by a probationary sentence of between one and four years." The District Court, Honorable Ted O. Lympus,[2] responded that the sentence imposed was just that since it is "13 months at Montana State Prison followed by four years at Montana State Prison suspended." Kenneth objected, "that's not what the statute says."

¶20 In his argument on appeal, Kenneth contends that the court's sentence is illegal in that he was not sentenced to probation for a term of between one and four years as required by the statute, but rather he was given a term of four years in the Montana State Prison, which was suspended. He contends that this is not a sentence to probation.

¶21 The statute applicable at Kenneth's sentencing on February 22, 2001, was the 1999 version of § 61-8-731, MCA[3]. This statute provides in pertinent part:

> (1) On the fourth or subsequent conviction under 61-8-714 [DUI] or 61-8-722 for a violation of 61-8-401 [DUI] or 61-8-406, the person is guilty of a felony and shall be punished by:
>
> (a) imprisonment for a term of not less than 6 months or more than 13 months, for which the imposition or execution of the first 6 months may not be suspended, and during which the person is not eligible for parole;
>
> (b) probation for a term of not less than 1 year or more than 4 years; and

(c) a fine of not less than $1,000 or more than $10,000.

¶22 Subsection (2) of § 61-8-731, MCA, provides authority for the court to imprison the defendant in various designated facilities; in an appropriate correctional institution or program; and, if financially able, to pay the costs of imprisonment, probation and chemical dependency treatment. Subsection (3) of this statute specifies the "reasonable restrictions or conditions" which the court may impose on the defendant during probation--including treatment options. And, subsection (4), grants certain authority to the Department of Corrections.

¶23 Subsection (5) of § 61-8-731, MCA, provides:

> If a violation of the restrictions or conditions of the probation is established, the court may continue the period of probation or may require the defendant to serve the remainder of the probation sentence in one of the facilities set forth in subsection (2)(a) or (2)(b). The court may credit the remainder of the probation or the time to be served in a facility set forth in subsection (2)(a) or (2)(b) with all or part of the time already served on probation.

¶24 The court sentenced Kenneth "to a term of <u>five (5) years and one (1) month</u> at the <u>Montana State Prison</u>; of that period of incarceration, <u>four (4) years</u> are <u>suspended</u>" subject to various conditions. (Emphasis in the court's judgment and sentence). On appeal, Kenneth complains that this sentence is illegal because the four-year suspended sentence is not the same as a four-year probationary term. He also argues that the court's sentence precludes alternative sentencing options, including treatment. The State argues that Kenneth complains of a distinction without a difference, and that the difference in the wording of the District Court's sentence should be disregarded as it does not affect Kenneth's substantial rights, citing §§ 46-20-104 and 46-20-701(1) and (2), MCA.

¶25 Subsection (1)(a) of § 61-8-731, MCA, clearly provides that the court may imprison the defendant for not more than 13 months and may suspend not more than seven of those months. This subsection of the statute is typical of most criminal sentencing statutes. Subject to whatever restrictions that the law may impose, trial courts usually have authority to "suspend" execution of a sentence of imprisonment and impose conditions during the period of suspension. *See, for example*, § 46-18-201, MCA. This period of suspension is often referred to as "probation"--that is, a release by the court without imprisonment which may be subject to conditions and supervision. Sections 46-1-202(20),

MCA and 46-23-1001(4), MCA.

¶26 Subsection (1)(b) of § 61-8-731, MCA, however, permits the court to also sentence the defendant to a term of probation of from one to four years in addition to the minimum and maximum terms of imprisonment under subsection (1)(a) and without regard to whether any portion of the prison term was suspended. The effect of such a sentence is virtually the same, though, because if the defendant violates the terms of his probation, subsection (5) of the statute allows the court to require the defendant to serve the remainder of his sentence in the same facilities that could have been ordered under subsection (1)(a).

¶27 In the sentence at issue, the language used by the court blurs the distinction between the types of sentences that may be ordered under § 61-8-731(1)(a) and (1)(b). In other words, the court did not technically do what the statute permits--sentence the defendant under (1)(a) to a term of imprisonment (and either suspend none or not more than seven months of the sentence) and, separately, sentence the defendant to a term of probation of not less than one nor more than four years. Rather the court sentenced Kenneth to five years and one month imprisonment with four years suspended. That said, the net effect of the sentence imposed is the same--13 months incarceration and four years of "probation" via a suspended sentence.

¶28 Moreover, as to Kenneth's argument that the court's sentence precludes treatment options, we disagree. If his suspended sentence (probation) is revoked, § 61-8-731(5) and (2)(a)(v), MCA, read together, permit the court, with the approval of the Department of Corrections, to place Kenneth at, among other facilities, "a state-approved public or private treatment facility that provides the appropriate level of chemical dependency treatment."

¶29 Accordingly, while we do not approve of the form of the District Court's sentence, we cannot conclude that it is illegal--i.e., not within the statutory parameters--or that Kenneth's substantial rights have been prejudiced to any extent that requires reversal and re-sentencing. Sections 46-20-104 and 46-20-701(1) and (2), MCA.

¶30 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ JIM RICE

1. The record of Cause No. DC-00-158A has not been furnished to this Court on appeal. All we know of Cause No. DC-00-158A comes from statements made in the parties' briefs and the references to that cause in the record of the case at bar, DC-00-207C.

2. The record does not reflect why Judge Lympus was substituted for Judge Stadler, but no issue regarding this substitution was raised.

3. All following statutory references are to the 1999 Montana Code Annotated unless otherwise noted.