JUSTICE RICE
concurring in part and dissenting in part.
¶53 I concur with the holding herein that the Court is without jurisdiction to entertain Muhammad’s challenge of the conditions *16 imposed in his sentence of May 28, 1999, because of his failure to file a timely appeal therefrom, and that the District Court’s revocation of that sentence must be affirmed. Regarding the sentence imposed on June 7,2000,1 concur with the Court’s holding on issue four, and with much of the rationale set forth in the discussion of issues one, two and three. However, because I disagree with the Court’s ultimate disposition of those issues, I respectfully dissent from that portion of the opinion.

Issue 1: Banishment condition

¶54 The Court invalidates the banishment condition imposed herein, holding that the condition is not reasonably related to the statutory goals of rehabilitation because the banishment ordered here “is broader than necessary to protect the victim” and “unduly severe.” ¶ 28.1 understand the Court’s holding to be that banishment conditions are not invalid per se, but that the particular condition imposed in this case was overly broad.
¶55 Such a conclusion is strongly supported by the nation’s jurisprudence. Although the Court cites to three cases in support of its statement that “[sjome jurisdictions have invalidated banishment conditions based upon a public policy rationale,” it is important to note that all three of those cases (Baum, Rutherford and Charlton) addressed banishment from an entire state, as opposed to a county or limited geographic area that is more likely to be rationally related to a legitimate sentencing purpose. Further, none of the other cases cited by the Court in which banishment from smaller geographical areas was invalidated (Jones, Franklin, Ferre, and Johnson), declared banishment to be invalid per se. In fact, courts in all of those jurisdictions have upheld banishment when it was deemed to be appropriately related to the circumstances.
¶56 Interpreting our statute to allow such conditions fulfills an important public policy. Instances where a vindictive defendant stalks and intimidates another person, and sometimes that person’s family, friends, fellow employees and other associates, have been addressed by the enactment of anti-stalking legislation. Cases abound where such defendants fail to abide by restraining orders. Police have insufficient resources to maintain 24-hour surveillance of such individuals. In such cases, banishment power in the courts provides additional security for victims and assistance to law enforcement in their task of protecting victims.
¶57 The goal of protecting the victim was present in this case. The record reflects that protection of the victim was a consideration in the District Court’s decision, and I would specifically hold that the victim’s protection can justify a properly imposed banishment condition under *17 the broad authority granted to sentencing courts in § 46-18-202, MCA. However, because the District Court did not enter sufficient findings to establish that banishment from the entirety of Cascade County is necessary to protect the victim herein, as opposed to the City of Great Falls proper, or other smaller area, I would remand this matter to the District Court for re-sentencing and not simply invalidate the condition. See Ferre, 734 P.2d at 889-90.

Issue 2: Sign condition

¶58 The Court finds that the sign condition imposed in Muhammad’s June 7, 2000, sentence is inconsistent with the sentencing objectives expressed in § 46-18-202, MCA, and invalidates the condition. Although I agree with this conclusion, I disagree with the rationale used by the Court.
¶59 Section 46-18-202, MCA, grants broad general sentencing authority to the courts. The Court’s determination that the sign condition conflicts with that statute is a subjective determination that appears to conflict with the plenary power granted by the statute to impose “any other limitation” upon the offender reasonably related to rehabilitation goals and protection of the victim. The sign condition is arguably related to such purposes. Because I see no direct conflict between the sign condition and the statute, I would address this issue on the constitutional grounds raised by Muhammad.
¶60 The inherent repugnance of such a condition to the right to privacy and human dignity places a heavy burden upon the State to justify it as a legitimate rehabilitation tool under the statute. Further, the potential disruption to a neighborhood caused by the requirement of a sign would substantially depreciate any benefits to be gained from the condition as a protection device. If a defendant is too dangerous to reside in normal fashion within a community, a district court must either impose incarceration or other intensive supervision requirements. Releasing an offender to live in a community, but at the same time making him or her a public spectacle, is an affront to our constitutional principles.

Issue 3: Restitution

¶61 I concur that the restitution condition was improperly imposed. However, I dissent from the Court’s failure to remand the matter for re-sentencing, as we did under similar circumstances in Pritchett; State v. Hilgers, 1999 MT 284, 297 Mont. 23, 989 P.2d 866; and State v. Brown (1994), 263 Mont. 223, 867 P.2d 1098. There is a victim in this case who may very well qualify for payment of restitution if the proper findings are made. The potential restitution issue referenced in Footnote 3 of the Horton opinion has not yet been addressed or *18 resolved, and therefore, should not stand in the way of ordering restitution if warranted.
¶62 The Court further reasons that remand for consideration of the restitution issue is not justified here on the grounds of “avoidance of wasting judicial resources and pursuant to preserving judicial economy.” ¶ 43. However, the Court is remanding this case for further. proceedings under Issue 4, and it would be an efficacious use of judicial resources to address all of the sentencing issues here at the same time, including banishment, restitution and requirements for transfer of supervision. I would so order.