No. 02-261

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 302N

MICHAEL ELLENBURG,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Defendant and Respondent.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Michael Ellenburg, Missoula, Montana (*Pro Se*)

For Respondent:

Hon. Mike McGrath, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

Fred Van Valkenburg, Missoula County Attorney, Missoula,
Montana

Submitted on Briefs: October 31, 2002

Decided: December 12, 2002

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2   Michael Ellenburg filed a  *pro se* petition for postconviction relief and other requests for relief from a 1996 judgment against him.  The Fourth Judicial District Court, Missoula County, amended the 1996 judgment in part, but denied the rest of the requested relief.  Ellenburg appeals.  We affirm.

¶3   The District Court entered the 1996 judgment against Ellenburg after he pled guilty to three traffic-related charges, including driving under the influence of alcohol.  Pursuant to a plea agreement, the court suspended a portion of Ellenburg's sentence on conditions, including--at paragraphs 12 through 17 of the judgment--that he pay $1,125 toward costs of his incarceration, a $50 county attorney surcharge fee, $100 toward the cost of prosecution, a $1,750 fine, a $15 court technology fee, and a probationary supervision fee of $10 per month.   We affirmed Ellenburg's conviction and sentence on direct appeal.  *State v. Ellenburg* (1997), 283 Mont. 136, 938 P.2d 1376.

¶4   In the action from which this appeal is taken, Ellenburg petitioned the District Court for postconviction relief and moved

2

to amend the judgment and for "Admendment [sic] to Strike."  In his motion to amend the judgment, Ellenburg argued he had no ability to pay the costs of incarceration and prosecution imposed in paragraphs 12 and 14 of the 1996 judgment.  In his "Admendment [sic] to Strike," Ellenburg asked that "12#, 14#, !5# [sic], 16#, in the original court order . . . be stricken in the Judgment of the same.  And to refund all fees and fines paid due to illegal sentencing and violation of 46-18-242(1)(a)."

¶5   In its Opinion and Order on Ellenburg's requests for relief, the District Court noted that since his 1996 sentencing, Ellenburg has been sentenced to the Montana State Prison for 40 years, with 25 years suspended, on convictions for theft and forgery.  Without holding a hearing and "in the interest of judicial economy," the District Court struck a total of $1,225 of the amounts it had ordered Ellenburg to pay.  Specifically, the court struck paragraph 12 of its 1996 judgment ordering Ellenburg to pay $1,125 in costs of incarceration, and paragraph 14 of the judgment ordering him to pay $100 toward the cost of prosecution.  Ellenburg appeals.

DISCUSSION

¶6   Ellenburg argues on appeal that the District Court lacked authority to impose the fees, fines and costs it did.  However, he did not challenge the costs and fees imposed in paragraph 13 or 17 in any of his pleadings in the District Court.  It is well-settled that a party may not raise an issue on appeal that was not raised in the district court.  *See State v. Henderson* (1994), 265 Mont. 454, 458, 877 P.2d 1013, 1016.

3

¶7 Given that the District Court struck the amounts Ellenburg was ordered to pay in paragraphs 12 and 14 of the judgment, only his efforts to have paragraphs 15 and 16 stricken remain in question. Ellenburg argues that, under *State v. Hilgers*, 1999 MT 284, 297 Mont. 23, 989 P.2d 866, and *State v. Brown* (1994), 263 Mont. 223, 867 P.2d 1098, the State of Montana was required to present evidence in the presentence investigation report of the amount of the pecuniary loss supporting restitution and of his ability to pay restitution, fines, fees and costs ordered under the 1996 judgment against him.

¶8 There are several problems with Ellenburg's argument. First, unlike *Hilgers* and *Brown*, this is not a direct appeal of a criminal conviction. Ellenburg's failure to raise on direct appeal the issue of whether the presentence investigation report should have included the information he now demands with regard to paragraphs 15 and 16 precludes his ability to raise it at this time. *See* § 46-21-105(2), MCA. In addition, both *Hilgers* and *Brown* dealt with restitution, not fines, fees and costs. Paragraphs 15 and 16 impose a fine and a fee.

¶9 Ellenburg's argument that he is entitled to a refund of fines and fees paid due to "illegal" sentencing and "violation" of § 46-18-242(1)(a), MCA, also is without merit. Ellenburg has not established that any portion of his sentence was illegal. Furthermore, like *Hilgers* and *Brown*, § 46-18-242, MCA, addresses restitution-related matters, not fines, fees and costs.

4

¶10 The fact is that Ellenburg does not allege he still owes any fines, fees or costs in this matter. He indicates he already has paid nearly $2,600, and the District Court has stricken an additional $1,225 of his total obligation of $3,040 (excluding the paragraph 17 probationary fee of $10 per month). Therefore, Ellenburg no longer owes any amounts under paragraphs 12 through 16 of the judgment.

¶11 On this record, we hold Ellenburg has not established error by the District Court.

¶12 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA COTTER
/S/ TERRY N. TRIEWEILER
/S/ JIM REGNIER
/S/ JIM RICE

5