2014 OK CIV APP 60

In the Matter of ADOPTION OF D.R. and J.R., minor children:

Li Shueh Nirschl and Robert Charles Nirschl, Petitioners/Appellees,

v.

Melissa Ray and David Ray, Respondents/Appellants.

No. 112183.

Court of Civil Appeals of Oklahoma, Division No. 1.

May 9, 2014.

Cindy Allen, Julia Mills, Cindy Allen & Associates, PLLC, Norman, Oklahoma, for Petitioners/Appellees.

Betsy Ann Brown, Law Office of Indian Hills, Norman, Oklahoma, for Respondents/Appellants.

Lisa R. Howard, Norman, Oklahoma, for the minor children.

KENNETH L. BUETTNER, Judge.

¶ 1 Respondents/Appellants Melissa Ray and David Ray (collectively, Natural Parents) appeal from the Final Decree of Adoption. Natural Parents argue the trial court erred by refusing to allow evidence that Natural Mother made in-kind payments of support during the fourteen (14) months immediately preceding the filing of the Petition for Adoption and by failing to appoint a guardian ad litem. We hold the trial court did not abuse its discretion by denying evidence of in-kind payments. We also hold that denying the request to appoint a guardian ad litem made on the day of trial was within the authority and discretion of the trial court. Affirmed.

¶ 2 Petitioners/Appellees Li Shueh Nirschl and Robert Charles Nirschl (collectively, Adoptive Parents) are the maternal grand-parents of minor children, D.R. (DOB: 05/22/1998) and J.R. (DOB: 01/23/2004). Adoptive Parents were granted guardianship of the minor children November 30, 2006, after Natural Parents were arrested for possession of methamphetamine. The guardianship court ordered each Natural Parent to pay child support in the amount of $237.50 per month beginning January 1, 2007. Adoptive Parents filed a Petition for Adoption and Application to Adjudicate Minors Eligible for Adoption Without Consent of the Natural Parents October 12, 2012. In a summary order November 5, 2012, the Court appointed Lisa Howard as attorney for the minor children. In a summary order February 11, 2013, the trial court determined the consent of the Natural Parents was not required for the adoption because both Natural Parents wilfully failed, refused, or neglected to contribute to the support of the minor children for a period of twelve (12) consecutive months out of the last fourteen (14) months immediately preceding the filing of the Petition for Adoption. *See* 10 O.S.Supp.2007

§ 7505–4.2. At that time, a best interests hearing was set for May 31, 2013. After a two day hearing, the trial court ordered that the children be adopted by Adoptive Parents. The Final Decree of Adoption was entered August 26, 2013 and modified by an order nunc pro tunc August 29, 2013. Natural Parents appeal.

¶ 3 Natural Parents argue that, at the hearing on the application to adjudicate minors eligible for adoption without consent, the trial court erred by not admitting evidence that Natural Mother made in-kind payments, such as food, clothing, and school supplies, for the benefit of the children between August 2011 and September 2012. The trial court sustained Adoptive Parents' objection to the evidence based on relevance. At trial, Natural Parents made an offer of proof.[1] Natural Parents contend that the evidence was relevant to show substantial compliance with the child support order and to show that their alleged failure to support was not willful.

¶ 4 We review the trial court's decision on the admission of evidence for an abuse of discretion. *In re Adoption of M.C.D.*, 2002 OK CIV APP 27, ¶ 28, 42 P.3d 873 (citing *Holm–Waddle v. Hawley*, 1998 OK 53, 967 P.2d 1180). We will not find an abuse of discretion unless the trial court "made a clearly erroneous conclusion and judgment, against reason and evidence." *M.C.D.*, 2002 OK CIV APP 27, ¶ 28, 42 P.3d 873 (quoting *Broadwater v. Courtney*, 1991 OK 39, 809 P.2d 1310).

¶ 5 Title 10, § 7505–4.2 provides, in pertinent part:

B. Consent to adoption is not required from a parent who, for a period of twelve (12) consecutive months out of the last fourteen (14) months immediately preceding the filing of a petition for adoption of a child or a petition to terminate parental rights pursuant to Section 7505–2.1 of this

---

1. Natural Parents asserted the evidence would show that Mother Ray made in-kind contributions in the amount of $193.92 in August 2011, $540.16 in September 2011, $286.24 in October 2011, $648.41 in November 2011, $289.23 in December 2011, $230.21 in January 2012, $749.03 in February 2012, $318.14 in March 2012, $321.98 in April 2012, $625.11 in May 2012, $102.57 in June 2012, $87.50 in July 2012, $298.46 in August 2012, and $277.50 in September 2012.

title, has willfully failed, refused, or neglected to contribute to the support of such minor:

1. In substantial compliance with an order entered by a court of competent jurisdiction adjudicating the duty, amount, and manner of support; or

2. According to such parent's financial ability to contribute to such minor's support if no provision for support is provided in an order.

10 O.S.Supp.2007 § 7505–4.2(B). The Supreme Court of Oklahoma examined a prior version of the applicable statute in *Matter of Adoption of R.R.R.*, 1988 OK 109, 763 P.2d 94:

[A] child may be adopted without parental consent if the parent fails to support the child in substantial compliance with judicially imposed standards. To avoid a nonconsensual adoption ... support must be rendered in accordance with the parent's financial ability where the obligation has not been imposed by a divorce decree or a subsequent court-ordered modification.

*Id.* ¶ 8.[2] The Court determined:

If the obligation to support has not been judicially imposed, the obligation may be satisfied by other than cash payments. To avoid an adoption under 10 O.S.1981 § 60.6(3)(b), the parent need only show support contributions commensurate with ability—in any form—towards the child's living expenses; and the adoption will be denied. Gifts comporting with the parent's financial ability are sufficient to discharge the duty.

*Id.* ¶ 15 (citing 10 O.S.1981 § 60.6(3)(b)). The statute has been amended and renum-

bered since the Court decided *R.R.R.* However, the Court's analysis provides guidance under the statute applicable here. The opinion suggests that in-kind contributions cannot satisfy a court ordered support obligation. The public policy grounds for such a rule are clear. The guardians receiving the court ordered support payments are responsible for deciding how the payments are used, *e.g.*, for food, shelter, education, and other necessities. Allowing the obligor parents to choose how the child support is used would allow for the possibility of great mischief and thwart the responsibility of the guardians.

¶ 6 In this case, the support obligation was judicially imposed. Therefore, 10 O.S. § 7505–4.2(B)(1) applies. The guardianship court ordered support in the amount of $237.50 per month. The support order did not provide for in-kind payments. Natural Mother made twenty-six child support payments of $237.50 in compliance with the support order from January 2008 to September 2010 and then stopped paying child support. Evidence of Mother's in-kind contributions between August 2011 and September 2012 is not relevant to show substantial compliance with the *amount* and *manner* of support provided in the court's order. *See In Re Adoption of C.D.O.*, 2002 OK CIV APP 9, ¶ 4, 39 P.3d 828. Nor are we persuaded by Natural Parents' argument the evidence is relevant to show their failure to support was not willful. Rather, the evidence of in-kind contributions tends to support Adoptive Parents' position that Natural Parents' failure to support was willful. The in-kind contributions demonstrate Mother could have paid child support to Adoptive Parents from Au-

---

**2.** In *R.R.R.*, the Supreme Court applied 10 O.S. 1981 § 60.6, which provided, in part:

A legitimate child cannot be adopted without the consent of its parents, if living, nor a child born out of wedlock without the consent of its mother, if living, except that consent is not necessary from a father or mother:

. . .

3. Who, for a period of twelve (12) months next preceding the filing of a petition for adoption of a child, has willfully failed, refused or neglected to contribute to the support of such child:

a. in substantial compliance with a support provision contained in a decree of divorce, or a decree or separate maintenance or an order adjudicating responsibility to support in a reciprocal enforcement of support proceeding, paternity action, juvenile proceeding, guardianship, or orders of modification subsequent thereto, or other lawful orders of support entered by a court of competent jurisdiction adjudicating the duty, amount, and manner of support, or

b. according to such parent's financial ability to contribute to such child's support if no provision for support is provided in a decree of divorce or an order of modification subsequent thereto.

gust 2011 to September 2012 but spent the money on gifts and other items for the children instead of complying with the court order. We hold the trial court did not abuse its discretion by denying evidence of Mother's in-kind payments.

¶ 7 The second issue on appeal is whether the trial court erred by not appointing a guardian ad litem (GAL). Natural Parents first requested the appointment of a GAL minutes before the best interests hearing began May 31, 2013. Before the trial court recessed May 31, 2013, Natural Parents renewed their request for the appointment of a GAL and asked for a continuance. Counsel for Natural Parents explained she had recently been retained. The court ruled:

> Ma'am, you have made your record, but this has been going on long enough. I went back early on-the attorney for the kids were appointed just about as soon as it was filed. If somebody felt like there was a need for a GAL, it should have been done way back then from the Court's perspective.

¶ 8 Title 10, § 7505–1.2 provides, in pertinent part, that the trial court "shall appoint a separate guardian ad litem upon the request of a party, the minor, the attorney of the minor, prospective adoptive parent or a person or agency having physical or legal custody of the child." 10 O.S.Supp.2009 § 7505–1.2(B)(1). While the statute contains mandatory language and does not include a time frame for making a request to appoint a GAL, we hold that, under the facts of this case, it was within the trial court's authority and discretion to deny Natural Parents' request to appoint a GAL as untimely. Natural Parents had an adequate opportunity to request a GAL before the first day of trial.

¶ 9 AFFIRMED.

JOPLIN, P.J., and HETHERINGTON, V.C.J., concur.