DA 13-0049

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 131

STATE OF MONTANA,

        Plaintiff and Appellee,

v.

COLTON FENNER,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDC 12-236
Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Wade Zolynski, Chief Appellate Defender, Jacob Q. Johnson, Assistant
Appellate Defender, Helena, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Brenda K. Elias, Assistant
Attorney General, Helena, Montana

            John Parker, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs: April 30, 2014
Decided: May 20, 2014

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Colton Jack Fenner (Fenner) appeals the portion of his sentence ordering him to pay restitution to the victim, Mitchell Martin (Martin), in the amount of $6,418.33.

¶2 The following issue is presented for review:

¶3 *Did the District Court err by ordering Fenner to pay restitution in the amount of the full pecuniary loss of the victim's medical and dental expenses, as set forth in the victim's affidavit?*

¶4 We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶5 On May 4, 2012, Fenner believed that another vehicle had cut him off in traffic. Fenner followed the vehicle until it came to a stop, approached the vehicle, and punched the driver, Martin, through the driver's open window. After Martin exited the car, Fenner struck Martin in the face with a baton-like weapon.

¶6 The State charged Fenner with three counts of assault with a weapon. Fenner entered into a plea agreement with the State on September 17, 2012, in which he agreed to plead guilty to one count of assault with a weapon and one count of criminal mischief. At sentencing, the Pre-Sentence Investigation (PSI) Report included Martin's affidavits, which indicated that Martin had suffered $6,418.33 in medical and dental expenses related to the assault. The PSI also indicated that Martin's insurer paid for some portion of that total. Fenner argued that, since the insurer had paid for some of the damage and had not included any affidavit on its right to recover, Martin was only entitled to a lesser sum of the pecuniary

loss. The District Court rejected that argument and required Fenner to pay $6,418.33 in restitution to Martin.

## STANDARD OF REVIEW

¶7 We review a court's imposition of sentence for legality and abuse of discretion. *State v. Sharp*, 2006 MT 301, ¶ 5, 334 Mont. 470, 148 P.3d 625.

## DISCUSSION

¶8 If a sentencing judge finds that a victim has sustained pecuniary loss, the judge shall require payment of full restitution to the victim. Section 46-18-201(5), MCA. A victim of pecuniary loss includes the person who suffers bodily injury, and the person's insurer, to the extent that the insurer has reimbursed the victim for the pecuniary loss. Section 46-18-243(2)(a)(i)(A)-(iv), MCA. "Pecuniary loss" includes all special damages that a person could recover against the offender in a civil action against the defendant. Section 46-18-243(1)(a), MCA. Likewise, a defendant may assert the same defenses in opposition of restitution that the defendant could raise in a civil action for damages. Section 46-18-244(2), MCA.

¶9 At sentencing and on appeal, Fenner argues that his restitution to Martin should be reduced by the amount paid by the insurer. Fenner reasons that, otherwise, Martin will reap a windfall from double collection of insurance and restitution, or alternatively, Fenner could be subjected to double payment if the insurer pursues these same damages against him in a civil action. Neither of these concerns warrant the reduction of Fenner's restitution to Martin. First, civil suit by Martin or his insurer could be defended on the grounds that he had already paid an amount in compensation for Martin's pecuniary loss. *See* § 46-18-

3

244(2), MCA; M. R. Civ. P. 8(c)(2) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense including, but not limited to: payment . . . .").

¶10   Second, Fenner is not entitled to benefit from an offset based on the insurance pay-out of his victim. A California court of appeals considered similar facts in *People v. Hove*, 76 Cal. App. 4th 1266 (Cal. App. 4th Dist. 1999), and concluded that

> [T]he fortuity that the victim here was [insured] should not shield defendant from a restitution order which requires him to pay the full amount of the losses caused by his crime. Nor should the payment of medical bills by [insurance] allow defendant to escape responsibility for the losses he caused. [T]he Legislature could rationally conclude that defendant should bear the burden of the medical costs of his victim, rather than society generally.
> We therefore find the restitution order proper even though the victim had no direct economic losses, and even though the victim could conceivably profit from recovering restitution if defendant complies with the restitution order and if [the victim's insurance] does not pursue reimbursement.

*Hove*, 76 Cal. App. 4th at 1272-73.

¶11   Although not in the insurance or restitution context, we upheld similar reasoning in *Vortex Fishing Sys. v. Foss*, 2001 MT 312, 308 Mont. 8, 38 P.3d 836. That case concerned an employer's violation of the Montana Human Rights Act (MHRA) by illegally discharging an employee. When the employee received both unemployment compensation from the State Insurance Fund and an award of back pay against the employer, the employer argued that the award against him should be offset by the amount of unemployment compensation. We rejected that proposition, reasoning that,

> [B]etween the employer, whose actions caused the discharge, and the employee, who most likely suffered other noncompensable losses, the burden should be placed on the employer. We are confident that the Legislature did not intend by unemployment insurance to insure employers against an award of back pay in the event that an employer illegally discharges an employee in violation of the MHRA.

4

*Vortex*, ¶ 28.

¶12    In both *Hove* and *Vortex*, the party causing damages could not benefit from an offset based on the insurance of the injured party.  The same reasoning prevails in the present case.  The fact that Martin had insured himself for medical expenses was due to good fortune and foresight; it should not benefit his attacker rather than himself or his insurance company.  The restitution statutes contain no provision requiring an offset in the defendant's favor, or indicating that a victim should receive less from the defendant.  Quite the contrary, our restitution statutes reflect an intent to "require an offender to make *full restitution* to any victim who has sustained pecuniary loss."  Section 46-18-241(1), MCA (emphasis added).  As in *Vortex* and *Hove*, we will not presume that the Legislature intended our restitution statutes to create an offset that benefits the wrongdoer first and leaves the victims to await full compensation.  Finally, the issue of subrogation under § 27-1-308, MCA, is between Martin and his insurer, and has no bearing on the amount of restitution that Fenner must pay.  While the restitution statutes include an insurer as a victim to the extent that it has paid reimbursement for the loss, § 46-18-243(2)(a)(iv), MCA, there is no provision requiring deduction of any such reimbursement from the amount the offender must be ordered to pay.  Martin and his insurer are entitled to any damages that could be pursued against Fenner in a civil action, regardless of any subrogation issues between them.

¶13    Finally, Fenner argues that the District Court's determination of the restitution amount was inadequate because the court did not seek an affidavit from the insurer on the damages that Martin sustained, and the portion that it had paid.  A District Court's determination of

5

the amount of pecuniary loss must be based on substantial credible evidence. *State v. Hilgers*, 1999 MT 284, ¶ 12, 297 Mont. 23, 989 P.2d 866. We have upheld awards of restitution where the only evidence in the record was the victim's affidavit or testimony regarding the amount of pecuniary loss. *See State v. Kuykendall*, 2006 MT 110, 332 Mont. 180, 136 P.3d 983; *State v. Charley Johnson*, 2011 MT 286, 362 Mont. 473, 265 P.3d 638. The PSI in the present case contained Martin's affidavit on the pecuniary losses he had suffered. Fenner raised no argument or evidence to dispute that amount, but only asserted a smaller number in hopes of reducing the restitution sum. Thus, the District Court's decision was based on substantial and unrefuted evidence of the pecuniary loss suffered by Martin, and it had no reason to inquire further as to the correct amount of restitution required.

## CONCLUSION

¶14 The District Court correctly applied the law when it determined that Fenner is not entitled to an offset in his restitution based on Martin's insurance compensation. Further, the restitution portion of Fenner's sentence was based on substantial credible evidence, and the District Court exceeded neither its statutory authority nor its discretion in imposing it. Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ BETH BAKER

6