DA 13-0215

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 283N

IN THE MATTER OF:

D.D.M.,

       Youth and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
                    In and For the County of Cascade, Cause No. BDJ-12-029
                    Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Wade Zolynski, Chief Appellate Defender, Kristen L. Larson, Assistant
              Appellate Defender, Helena, Montana

       For Appellee:

              Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein,
              Assistant Attorney General, Helena, Montana

              John Parker, Cascade County Attorney, Jennifer L. Quick, Deputy County
              Attorney, Great Falls, Montana

                           Submitted on Briefs:  September 24, 2014
                                  Decided:  October 21, 2014

Filed:

_____
              Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     D.D.M. appeals an order of the Youth Court, Eighth Judicial District, Cascade County, requiring her to pay restitution in the amount of $1,164.70 for damage done to a vehicle. D.D.M. argues there was insufficient evidence to support the finding that she caused the damage and that the Youth Court failed to correctly consider the youth's ability to pay. We affirm.

¶3     On January 6, 2012, D.D.M. was attempting to locate her boyfriend, when her vehicle crossed paths with B.F.'s car. D.D.M.'s boyfriend was inside B.F.'s vehicle. Angry about her boyfriend's presence in B.F.'s car, D.D.M. followed B.F. until both cars stopped at a friend's home. Upon stopping, D.D.M. exited her car, approached B.F.'s car, and kicked the vehicle. During the altercation, B.F. locked herself inside the vehicle. D.D.M. is a petite individual and was wearing slippers during the incident.

¶4     The following day, S.F., B.F.'s mother and the owner of the vehicle, photographed the damage to the vehicle, obtained estimates from two repair shops, and filed a report with the police. S.F. instructed the shops to assess only the damage pertaining to the rear quarter of the vehicle, the area she alleged D.D.M. damaged. Mitchell's Craft Repair

2

approximated the damage at $1,164.70. Procraft Carstar calculated the damage at $1,261.90, but included other damaged areas in the estimate. The Youth Court specifically noted that the Mitchell's estimate reflected the proper amount of damage and restitution.

¶5 After the incident involving D.D.M., B.F. caused additional damage to the vehicle. S.F. is not seeking restitution for these damages. The Youth Court only considered the portion of damage reflected in the Mitchell estimate and ignored any pre-existing or after-acquired damage.

¶6 On October 26, 2012, an adjudicatory and restitution hearing was held. S.F. testified regarding the damage to the vehicle. The Youth Court also heard testimony from a defense expert who stated that he would expect to see a footprint given the amount of force necessary to create the large dent. Ultimately, D.D.M. admitted to the allegations in the petition, but there was disagreement concerning the amount of damage inflicted. The Youth Court noted that D.D.M. worked 20 hours a week at $8.10 an hour and had financial obligations including contributing to groceries, transportation, fines, and clothing. On January 17, 2013, at the final disposition, the Youth Court "incorporated" its earlier findings regarding D.D.M.'s ability to pay and ordered her to pay $100 a month.

¶7 This Court reviews questions of law, such as the appropriate measure of restitution, for correctness. *In re K.E.G.,* 2013 MT 82, ¶ 9, 369 Mont. 375, 298 P.3d 1151, *overruled on other grounds by In re B.W.*, 2014 MT 27, ¶ 15, 373 Mont. 409, 318 P.3d 682. We review factual findings to determine whether they are clearly erroneous.

3

*State v. Weaver*, 2008 MT 86, ¶ 9, 342 Mont. 196, 179 P.3d 534. Findings of fact are "clearly erroneous if they are not supported by substantial evidence, if the court has misapprehended the effect of the evidence, or if our review of the record leaves us with a definite and firm conviction that a mistake has been made." *Weaver*, ¶ 9.

¶8 D.D.M. argues that there was insufficient evidence to support the finding that she created the dent costing $1,164.70 in damages. As evidence supporting a different result, D.D.M. points to her small frame, the court's reliance on S.F's testimony, and the absence of a footprint in the dent. D.D.M. maintains that there was insufficient evidence to show that she caused the new dent in the rear quarter panel, instead arguing that she kicked an existing dent.

¶9 The Youth Court's findings are not clearly erroneous and are supported by substantial evidence. Substantial evidence "is evidence that a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance." *State v. Aragon*, 2014 MT 89, ¶ 9, 374 Mont. 391, 321 P.3d 841 (citations omitted). The Youth Court, as the trier of fact, determines the credibility of witnesses and weighs the testimony given. *State v. Hilgers*, 1999 MT 284, ¶ 12, 297 Mont. 23, 989 P.2d 866. The Youth Court was in the best position to judge the credibility and demeanor of D.D.M. and S.F. The Youth Court found S.F.'s statement regarding damage to the vehicle to be more reliable than D.D.M.'s testimony.

¶10 D.D.M. further argues that the Youth Court erred by failing to make a finding regarding D.D.M.'s ability to pay. D.D.M. asserts that this failure violates

4

§§ 41-5-1521(b) and 45-6-101(2), MCA. Specifically, D.D.M. takes issue with the timing of the financial ability inquiry and asserts that the Youth Court erred by not considering her ability to pay at the final disposition.

¶11 The Youth Court complied with the statutory requirements for imposing restitution. The Youth Court Act gives the judge discretion when considering restitution. "[T]he following factors *may* be considered in addition to any other evidence: . . . (b) the ability of the youth to pay." Section 41-5-1521(1), MCA (emphasis added).

¶12 The transcript clearly show that the Youth Court inquired into D.D.M.'s financial ability at the restitution hearing, before ordering restitution. The Youth Court waited to rule on the specific amount of restitution until disposition, when it could consider the length of the sentence and how it would impact the youth's ability to pay. The restitution hearing transcript indicates the Youth Court's intention to "wait for disposition to . . . incorporate the restitution" into the final disposition.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The Youth Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the Youth Court correctly interpreted.

¶14 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ JIM RICE

5