FILED

May 17 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0496

DA 15-0496

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 118N

STATE OF MONTANA,

        Plaintiff and Appellee,

    v.

JOHN CRESWELL DOVEY,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
                     In and For the County of Lake, Cause No. DC 15-118
                     Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Martin W. Judnich, Vincent J. Pavlish, Judnich Law Office,
                Missoula, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Pamela P. Collins, Assistant
                Attorney General, Helena, Montana

                Steve Eschenbacher, Lake County Attorney, Polson, Montana

                           Submitted on Briefs:  April 27, 2016

                                   Decided:  May 17, 2016

Filed:

                           _____
                                        Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 John Creswell Dovey appeals a judgment from the Twentieth Judicial District Court, Lake County, which ordered him to pay $26,562.00 in restitution. The issue is whether the District Court erred in awarding restitution conforming to the full amount of Dovey's theft—excluding items recovered—without reducing it by the amount the victim was reimbursed pursuant to an insurance policy covering Dovey's theft. We affirm.

¶3 On May 21, 2015, Dovey pled guilty to felony theft against his former employer, Westland Seed (Westland). On July 2, 2015, the District Court held a hearing to determine restitution. On July 7, 2015, the District Court entered a judgment ordering Dovey to pay $26,562.00[1] in restitution to Westland. Westland's insurer had covered and reimbursed $26,208.60 of the related losses. Dovey requested the District Court to reduce his restitution by the $26,208.60 Westland received from its insurer. The District Court denied the request. Dovey appeals.

¶4 "A criminal sentence is reviewed for legality." *State v. Simpson*, 2014 MT 175, ¶ 8, 375 Mont. 393, 328 P.3d 693.

---

[1] The parties agree that the net amount of unrecovered stolen property is $26,500.62. The District Court's Order incorrectly stated the amount as $26,562.00. The Order may be corrected on remand.

2

¶5    Dovey contends the District Court should have reduced his restitution by the amount Westland's insurer paid out. Citing § 46-18-243(1)(a), MCA, Dovey argues Westland's pecuniary loss is only around $300 because Montana's restitution statutes only allow a victim to recover what he or she otherwise would be able to recover in a civil action. Dovey contends that Westland should not recover from both Dovey and its insurer, because such recovery would result in a windfall of redundant payments. Dovey also argues the State failed to identify Westland's insurer as a victim, and therefore the insurer cannot benefit from Dovey paying full restitution.

¶6    The State counters that in *State v. Fenner*, 2014 MT 131, 375 Mont. 131, 325 P.3d 691, this Court settled the law regarding restitution when a victim has been compensated by its own insurance policy. We agree. In *Fenner*, we rejected the same argument that Dovey makes in this case—that a criminal defendant's restitution to the victim "should be reduced by the amount paid by the insurer." *Fenner*, ¶ 9. We held: "[w]hile the restitution statutes include an insurer as a victim to the extent that it has paid reimbursement for the loss, § 46-18-243(2)(a)(iv), MCA, there is no provision requiring deduction of any such reimbursement from the amount the offender must be ordered to pay." *Fenner*, ¶ 12. Dovey failed to address *Fenner* in his opening brief. In his reply brief, Dovey's argument is basically that our holding in *Fenner* is distinguishable from the present case—it is not—or that we should set aside *Fenner*—we do not. Boiled down, Dovey's argument is that he is more deserving of the windfall from his victim's insurance policy than is his victim. We opt to stay on this side of the looking-glass and affirm the District Court's Judgment.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct. We affirm and remand to the District Court to amend its Order to state the correct amount of restitution as $26,500.62.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE